UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIOREL COTUNA

        Plaintiff,

v.                                                    Case Nos. 14-CV-10420
                                                      Honorable Denise Page Hood

WALMART STORES, INC.,

        Defendant.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

This matter comes before the Court pursuant to Defendant Walmart Stores, Inc.'s Partial Motion to Dismiss Plaintiff's First Amended Complaint **[Docket No. 17, filed October 18, 2014]**. Plaintiff filed a Response to the Motion to Dismiss **[Docket No. 18, filed September 1, 2014]**, and Defendant filed a Reply to the Response **[Docket No. 21, filed September 15, 2014]**. For the reasons stated below, Defendant's Partial Motion to Dismiss the First Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**.

### II.    BACKGROUND

Plaintiff Viorel Cotuna is Romanian and is disabled (Amended Complaint, ¶1). Plaintiff began working at Defendant Walmart Stores, Inc. in 2002 and held various positions at several of Defendant's locations (Am. Compl., ¶¶ 2, 5).

Plaintiff requested and obtained reasonable accommodation from 2002 to 2011 (Am. Compl., ¶ 7). In April 2011, Plaintiff's supervisor, an employee of Defendant, denied Plaintiff an increase in pay without supporting documentation, while four of Plaintiff's female coworkers who were similarly situated received an increase (Am. Compl., ¶¶ 8-9). Plaintiff alleges that three other similarly situated male coworkers were also denied the increase (Am. Compl., ¶ 10).

Plaintiff alleges that beginning in May 2011, he experienced intimidation, was denied reasonable accommodation requests, was assigned non-managerial tasks, was disciplined, and was told he "move[d] too slow" and "need[ed] to speak English so [other associates] understand" (Am. Compl., ¶ 12). In August 2011, Plaintiff requested and was granted medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (Am. Compl., ¶ 14). Plaintiff subsequently requested and was granted leave based on Defendant's Leave of Absence Policy (Am. Compl., ¶ 15). Defendant's Human Resources Manager denied Plaintiff's final leave request and terminated Plaintiff on January 6, 2011 (Am. Compl., ¶ 18). Plaintiff alleges that at least one other similarly situated employee was granted a longer Leave of Absence without termination (Am. Compl., ¶ 20).

On October 30, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination on the basis of his national origin, retaliation, and/or disability (Am.

Compl., Ex. 4, "EEOC Charge of Discrimination"). On the same day, the EEOC sent Plaintiff a Dismissal and Notice of Rights, notifying Plaintiff that he may file a lawsuit for claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disability Act ("ADA") within 90 days of receipt of the notice (Am. Compl., Ex. 5, "Right to Sue Notice").

On January 29, 2014, Plaintiff filed a Complaint against Defendant. Plaintiff brought the following claims against Defendant in his Amended Complaint: (i) discrimination based on gender in violation of Title VII and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (ii) discrimination based on national origin in violation of Title VII and ELCRA; (iii) discrimination based on disability in violation of the ADA and Michigan's Persons with Disabilities Civil Rights Act; (iv) violation of the Equal Pay Act ("EPA"); and (vii) violation of the Michigan Compensation Laws §§408.473, 408.474, and 408.475.

Now, before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint **[Docket No. 17, filed October 18, 2014]**. In its Motion, Defendant argues that it is entitled to dismissal of all claims, because Plaintiff's ADA and Title VII claims are barred by the statute of limitations. Defendant argues that Plaintiff was required to file his lawsuit by January 28, 2014, but the Docket reflects that Plaintiff's Complaint was filed on January 29, 2014.

Defendant also argues that the Title VII gender discrimination claim must be dismissed for failure to exhaust administrative remedies.

Plaintiff responded to the Motion to Dismiss **[Docket No. 18, filed September 1, 2014]**.  Plaintiff argues that his inability to secure reliable representation and his due diligence in having the Complaint delivered to the Court by January 27, 2014, warrants extending the filing date.  Plaintiff further argues that current regulations make filing a gender discrimination claim with the EEOC prior to bringing a lawsuit optional, not required.

Defendant filed a Reply Brief in Support the Partial Motion to Dismiss **[Docket No. 21, filed September 15, 2014]**.   Defendant argues that Plaintiff has not proved that he mailed the Complaint in time, and that Plaintiff has not shown that he is entitled to equitable tolling.  Defendant argues that Plaintiff has conceded the fact that he did not exhaust his administrative remedies with respect to the gender discrimination claim.

### III.   STANDARD OF REVIEW

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

The Court notes that consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). In assessing the facial sufficiency of the complaint, the Court must ordinarily do so without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir .2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).

The Court further notes that even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Where a plaintiffs does not refer directly to given documents in the pleadings, if

those documents govern the plaintiff's' rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated and assessed without converting a motion to dismiss to a motion for summary judgment, even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

## IV. ANALYSIS

### a. Statute of Limitations

The Court must now determine the filing deadline for Plaintiff's Complaint according to the Federal Rules of Civil Procedure. The EEOC Dismissal and Notice of Rights letter is dated October 30, 2013, and states Plaintiff has 90 days to file a lawsuit. According to FRCP Rule 6(a)(1)(A), the Court is to "exclude the day of the event that triggers the period." *See* Fed. R. Civ. P. 6(a)(1)(A). The event that would trigger the period in this instance is the receipt of the notice as indicated in the letter. Since Plaintiff states he received the letter on October 30, 2013, the 90-day period begins on October 31, 2013. January 28, 2014, is exactly

90 days after October 31, 2013. The Plaintiff's Complaint was docketed January 29, 2014.

The Court may exercise equitable tolling in some cases. *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). In doing so, the Court should consider five factors:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement.

*Id.*

As to factors one and two, there is no dispute that Plaintiff had notice of the filing requirement and had taken action to meet the filing deadline. As to factor three, diligence in pursuing one's rights, Plaintiff notes in his affidavit that he sought counsel. When counsel did not respond, he attempted to have another person hand-deliver his pleading. When hand-delivery failed, Plaintiff then sought to use the mail.

Based on the United States Postal Service tracking information, the Complaint was delivered on January 27, 2014, one day before the filing deadline (Pl.'s Resp. to Def.'s Mot., Ex. 2, "USPS Delivery Confirmation"). In this instance, it is appropriate to apply equitable tolling, because the Plaintiff exercised due diligence by having the Complaint arrive timely at the Court. The clerk did

not docket the Complaint until January 29, despite the delivery date of January 27. *See Ross v. McKee*, 465 F. App'x 469, 476 (6th Cir. 2012).

As to the fourth factor, prejudice to the defendant, Defendant is not prejudiced by tolling the filing deadline by one day after it was put on notice regarding the claims through the EEOC Charge of Discrimination. Factor five is not relevant to this analysis as Plaintiff was not ignorant of the legal requirement.

Applying the factors in *Truitt*, the Court finds it appropriate to equitably toll the time for filing Plaintiff's Complaint. Since the Court deems the Complaint timely filed, Defendant's Motion is **DENIED** in this regard.

### b. Failure to Exhaust Administrative Remedies

Plaintiff argues that current regulations permit directly filing a Complaint under the EPA without exhausting administrative remedy. In its Partial Motion to Dismiss, Defendant did not address the EPA gender discrimination claim, and therefore, the Court will not address it at this time. Defendant only addressed the Title VII gender discrimination claim, and Plaintiff did not argue that he was not required to exhaust his administrative remedies prior to filing a lawsuit as he did with the EPA claim.

Even assuming, arguendo, that Plaintiff claimed the regulations do not require exhausting administrative remedies in Title VII gender discrimination claims, the claim still fails. "Under Title VII… before filing a complaint in the

9

district court, a plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC… and receiving a Notice of Right to Sue." *Howard v. DaimlerChrysler Corp.*, 290 F. Supp. 2d 784, 792 (E.D. Mich. 2003) (internal citations omitted). The Courts do not differentiate between different types of discrimination claims brought under Title VII with respect to the requirement to exhaust administrative remedies.

In *Adamov v. U.S. Bank National Association*, the Sixth Circuit clarified that where a party fails to exhaust administrative remedies in a Title VII retaliation claim, the "district court may not dismiss the claim on jurisdictional grounds." *Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 855-56 (6th Cir. 2013). The Court relied on the fact that Defendant had failed to raise the issue in district court, and therefore, forfeited the argument. *Id.* Here, however, Defendant has raised the issue by moving to dismiss the claim. The Court is not raising the issue *sua sponte* as was the case in *Adamov*. *Id.*

Plaintiff did not check the box to indicate discrimination based on sex in the charge of discrimination he filed with the EEOC. Since Plaintiff failed to exhaust his administrative remedies with regards to the Title VII gender discrimination claim, Defendant's Partial Motion to Dismiss is granted as to this claim.

V.      **ORDER**

Accordingly,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint **[Docket No. 17, filed October 18, 2014]** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the claim for discrimination based on gender in violation of Title VII is **DISMISSED**. Defendant's Motion as to this claim is **GRANTED**. All other counts **REMAIN**; Defendant's Motion as to these claims is **DENIED**.

S/Denise Page Hood
**Denise Page Hood**
**United States District Judge**

Dated: March 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
**Case Manager**