UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VIOREL COTUNA,**

       **Plaintiff,**

v.

Case No. 14-10420
Hon. Denise Page Hood

**WALMART STORES, INC.,**

       **Defendant.**

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 38) AND MOOTING MOTION TO COMPEL (Doc. # 36) AND MOTION TO STRIKE (Doc. # 55)**

### I.  INTRODUCTION

Defendant Walmart Stores, Inc. ("Walmart") filed a motion for summary judgment to which Plaintiff Viorel Cotuna ("Cotuna") responded. The Motion is **GRANTED**.

### II.  BACKGROUND

Plaintiff Viorel Cotuna is Romanian. Plaintiff is also disabled because he suffers from degenerative disc disease (Am. Comp., ¶ 1).  Plaintiff began working at Defendant Walmart Stores, Inc. in 2002 and held various positions at several of Defendant's locations (Am. Comp., ¶¶ 2, 5).  Plaintiff requested and obtained

1

reasonable accommodation from 2002 to 2011 (Am. Compl., ¶ 7). In April 2011, Plaintiff's supervisor, an employee of Defendant, denied Plaintiff an increase in pay without supporting documentation, while four of Plaintiff's female coworkers who were similarly situated received an increase (Am. Compl., ¶¶ 8-9). Plaintiff alleges that three other similarly situated male coworkers were also denied the increase (Am. Compl., ¶ 10).

Plaintiff alleges that beginning in May 2011, he experienced intimidation, was denied reasonable accommodation requests, was assigned non-managerial tasks, was disciplined, and was told he "move[d] too slow" and "need[ed] to speak English so [other associates] understand" (Am. Compl., ¶ 12). In August 2011, Plaintiff requested and was granted medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (Am. Compl., ¶ 14). Plaintiff subsequently requested and was granted leave based on Defendant's Leave of Absence Policy (Am. Compl., ¶ 15). Defendant's Human Resources Manager denied Plaintiff's final leave request and terminated Plaintiff on January 6, 2012 (Am. Compl., ¶ 18). Plaintiff alleges that at least one other similarly situated employee was granted a longer Leave of Absence without termination (Am. Compl., ¶ 20).

On October 30, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging

discrimination on the basis of his national origin, retaliation, and/or disability (Am. Compl., Ex. 4, "EEOC Charge of Discrimination"). On the same day, the EEOC sent Plaintiff a Dismissal and Notice of Rights, notifying Plaintiff that he may file a lawsuit for claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disability Act ("ADA") within 90 days of receipt of the notice (Am. Compl., Ex. 5, "Right to Sue Notice").

On January 29, 2014, Plaintiff filed a Complaint against Defendant. Plaintiff alleged the following claims against Defendant in his Amended Complaint: (i) discrimination based on gender in violation of Title VII and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); (ii) discrimination based on national origin in violation of Title VII and ELCRA; (iii) discrimination based on disability in violation of the ADA and Michigan's Persons with Disabilities Civil Rights Act; (iv) violation of the Equal Pay Act ("EPA"); and (vii) violation of the Michigan Compensation Laws §§408.473, 408.474, and 408.475.

On November 13, 2015, Walmart filed a motion for summary judgment. (Doc. # 38), to which Cotuna responded (Doc. # 45).

The Court held a hearing regarding Defendant's Summary Judgment Motion. Cotuna stated that he was withdrawing his Michigan Compensation Claim because he was paid his vacation pay.

### III. STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id*.

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. See *Muncie Power Prods., Inc. v. United Tech. Auto., Inc*., 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

"Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## IV. ANALYSIS

Defendant contends it is entitled to summary judgment because Plaintiff cannot prove his: (1) failure to accommodate claim; (2) discriminatory discharge claim; (3) Equal Pay Act claim; (4) hostile environment claim; and (5) retaliation claim.

### A. ADA

#### 1. Failure to Accommodate Claim

Walmart says Cotuna cannot prove his failure to accommodate claim.

In order to establish a prima facie case of a failure to accommodate claim under the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the Act; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodation." *Johnson v. Cleveland City Sch. Dist.*, 443 Fed.Appx. 974, 982–83 (6th Cir.2011). Once a plaintiff establishes a prima facie case, the burden shifts to his employer "to articulate a non-discriminatory explanation for the employment action, and if the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual." *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir.2011) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973))

The parties do not dispute elements one through three. Rather, the parties contest that Cotuna's request for additional time off, in addition to the 16 months he was already off from work, was a reasonable accommodation.

Cotuna has failed to show his request for additional leave as an accommodation was reasonable. Cotuna has the burden to prove that the proposed accommodation is reasonable. *E.E.O.C. v. Mollertech Corp.*, No. 03-73831, 2005 WL 1982974, at *3 (E.D. Mich. Aug. 12, 2005). In *Walsh v. United Parcel*

*Service*, 201 F.3d 718 (6th Cir.2000), the Sixth Circuit stated that while a medical leave of absence can constitute a reasonable accommodation under appropriate circumstances, "when ... an employer has already provided a substantial leave, an additional leave period of a significant duration, with no clear prospects for recovery, is an objectively unreasonable accommodation." *Id.* at 727. See also, *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998) ("Employers are not required to wait indefinitely for an employee's medical condition to be corrected.").

In November 2012, after already being on leave for 16 months, Cotuna requested time off until February 15, 2013. *See* (Doc. # 45-28 at 3). He failed to provide medical documentation stating why he needed the additional two months off. On December 6, 2012, Cotuna made a second request for time off until February 15, 2013. He indicated he could possibly schedule an appointment in 30 days, meaning January, to get the needed medical information. See (Doc. # 45-29 at 2). Walmart would be required to wait an additional month to see if Cotuna *might* be cleared to return to work or need additional time off month leave of absence. This would mean that Cotuna would have had 17 - 18 months of absence. Plaintiff provided no assurance that he would be medically cleared to return to work. As noted, extended leaves with no definite return date are considered

7

unreasonable accommodations. *Gantt*, 143 F.3d at 1047.

Cotuna has not shown evidence that the additional medical information was provided "in a timely manner." *See generally*, *Frazier v. Honda Am. Mfg.*, 431 F.3d 563, 567 (6th Cir. 2005). Walmart would have needed to wait another month to see if Cotuna *might* be able to return to work. Plaintiff has failed to provide evidence that he timely provided medical evidence to support the accommodation.

Plaintiff also contends that Defendant failed to provide an additional accommodation that would require his superiors to provide Cotuna with written notes. This claim fails.

First, as it relates to the PWDCRA, an "employee must advise the employer in writing of the need for accommodation." *Petzold v. Borman's Inc.*, 241 Mich.App. 707, 716 (2000); Mich. Comp. Laws § 37.1210(18). The written request must occur within 182 days after the person with a disability knew or reasonably should have known that an accommodation was needed. *Id*. Summary judgment is granted regarding any requests not in writing under this statute.

In addition, although Cotuna requested written notes, he did not specify that this request was in relation to his disability. (Cotuna Dep. Doc. # 39-1 at 16). Therefore, Walmart did not know that his need for notes was related to his disability. Cotuna has not supported his claim with evidence sufficient to

8

overcome summary judgment. His claim under the PWDCRA is dismissed.

Second, as it relates to the written notes, Plaintiff's failure to accommodate a claim under the ADA is dismissed because, as noted, Cotuna failed to identify that notes were needed to accommodate his disability. See, *Gantt*, 143 F.3d at 1046-47 ("it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed . . . The employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation.").

### 2. Discriminatory Discharge Claim

Plaintiff says he was discharged because he was disabled and Walmart's claim that he was fired due to a lengthy leave of absence is a pretext because other individuals outside his protected class were granted longer leaves than Cotuna. Walmart responds that Cotuna's leave of absence in excess of 16 months was the only reason he was fired. And, the co-workers who had longer leaves of absences were also fired as result of lengthy leaves of absences.

To prevail on a claim for discriminatory discharge, the plaintiff must show that (1) he is disabled, (2) he was otherwise qualified for the position, with or without reasonable accommodation; (3) he suffered an adverse action; (4) the employer knew or had reason to know of his disability; and (5) he was replaced or

the job remained open. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 988-89 (6th Cir. 2011)

If a plaintiff establishes each of the foregoing elements, the burden of production then shifts to the employer, which must provide a legitimate, non-discriminatory explanation for its employment decision. *Patten-Gentry v. Oakwood Healthcare Inc.*, No. 12-CV-15564, 2015 WL 1487641, at *14 (E.D. Mich. Mar. 31, 2015). If the employer articulates such a reason, the plaintiff then must prove by a preponderance of the evidence defendant's proffered reasons were not its true reasons, but a pretext for illegal discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981). During summary judgment, "a plaintiff must produce enough evidence that a jury could reasonably reject the employer's explanation for its decisions." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 545 (6th Cir. 2008).

Cotuna has not established a prima facie case for discriminatory discharge. It is undisputed that Cotuna is disabled, but the second element requires him to prove that he was qualified to perform the job, with or without a reasonable accommodation. As the Sixth Circuit noted in *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015), "an employee who does not come to work cannot perform any of his job functions, essential or otherwise." Cotuna's request for

additional time off was not a reasonable request. It is incompatible that Cotuna would have been able to perform his job because he was off of work.

However, assuming for the sake of argument that Cotuna satisfied the prima facie case, Walmart has set forth a legitimate nondiscriminatory reason for terminating Cotuna. Walmart claims it fired Cotuna as a result of his extended leave. As noted by the Sixth Circuit in *Walsh*, 201 F.3d at 727, an extended indefinite medical leave is a legitimate reason to terminate an employee. Consequently, the burden shifts back to Cotuna to prove that the reason given was a pretext.

To demonstrate pretext, a plaintiff must show both that the employer's proffered reason was not the real reason for its action, and that the employer's real reason was unlawful. *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015). Plaintiff may demonstrate pretext by showing that: (1) the employer's asserted reasons have no basis in fact; (2) the reasons did not in fact motivate the discharge; or (3) the reasons proffered were insufficient to motivate the discharge. *Kohler v. N. Star Steel Co.*, 408 F. Supp. 2d 380, 385 (E.D. Mich. 2005).

Cotuna has failed to present sufficient evidence to show pretext. First, Walmart's reason for terminating Cotuna has a basis in fact because he was on leave for approximately 16 months with no medical documentation stating when

11

he could return to work. Second, Cotuna failed to show that any other factor other than failing to return after his extended leave expired, motivated his discharge. Cotuna only presents conclusory statements and his own belief that discrimination was a factor.

Courts considering pretext examine "'the facts as they appear to the person making the decision to terminate [the employee],' not . . . 'the employee's subjective [beliefs].'" *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 768 (6th Cir. 2015). And third, Cotuna did not demonstrate that the proffered reason was insufficient to motivate the termination. As noted, long term indefinite leave is a valid reason for termination. *Walsh*, 201 F.3d at 727. Plaintiff alleges that coworkers outside of his protected class were allowed longer leaves; but, as Walmart notes, those individuals were also terminated because they failed to return after extended leaves. See, Brewer Decl ¶¶ 14-15. Accordingly, summary judgment is appropriate.

## B. Equal Pay Act Claim

Plaintiff claims Walmart violated the Equal Pay Act because his supervisor gave him an unfavorable performance evaluation which precluded him from getting a pay raise for 2011. He also claims other male workers failed to receive pay raises, while female co-workers did receive pay raises.

The Equal Pay Act prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work. 29 U.S.C. § 206(d)(1). To establish a prima facie case of wage discrimination under the EPA, the plaintiff must show that an employer pays different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). Claims under the FLSA, including Equal Pay Act claims, must be filed within two years after the cause of action accrues, or within three years if the alleged violation was "willful." 29 U.S.C. § 255(a). To show willfulness, Plaintiff must demonstrate that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Cotuna's claim is time barred; he failed to bring his EPA action within two years of the alleged violation. Cotuna's claim arises out of incidences that occurred in 2011. He filed his complaint on January 29, 2014. Any alleged violation occurring prior to January 29, 2012 is time barred.

In addition, the evidence contradicts Cotuna's EPA claim. He says only female assistant managers received pay raises after their performance evaluations.

However, Kenneth Brewer, a Walmart Manager, stated that as a result of the store's poor performance, no assistant managers received pay raises. Brewer Decl. (Doc. # 38-21 at 6). Plaintiff has not shown evidence in the record that any similarly situated female assistant managers received larger pay raises than he did.

### C. TITLE VII

#### 1. Alleged Hostile Work Environment Regarding National Origin and Disability

Plaintiff says he was the victim of a hostile work environment because his supervisor, Vicki Ashton-Hendrixson, allegedly told him to speak better English so customers could better understand him. He also states that she continuously made derogatory and harassing comments regarding his national origin, but he failed to identify what those comments were.

Under Title VII, a plaintiff establishes a prima facie case of a hostile work environment based on national origin by demonstrating that (1) he was a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on national origin; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir.1999). Title VII, is not a "general civility code."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Id*.

Similarly, to prevail under the ELCRA, a plaintiff must show: (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of membership in a protected category; (3) the employee was subjected to unwelcome conduct or communication; (4) the unwelcome conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile or offensive work environment; and (5) respondeat superior. *Radtke v. Everett*, 442 Mich. 368, 382–3 (1993).

Plaintiff fails to sustain his hostile work environment claim based on national origin. In his depositions he admits that no one made comments regarding his national origin. See (Cotuna Dep. Doc. # 39-1 at 31-32); (Cotuna Dep. Doc. # 39-1. at 40). He even stated in his response to Defendant's Motion for Summary Judgment that he did not claim he was the subject of any insults or slurs; however, in the same sentence, he says he was the victim of derogatory comments regarding his national origin. See, Doc. # 45 at 22. Cotuna's contradictory statements appear

15

to belie his claim that he was subject to a hostile work environment.

Even if Vicki Ashton-Hendrixson commented that Cotuna needed to speak better English, and "communication" was listed as an issue on his 2011 Annual Performance Review, Plaintiff has not shown that this affected a term, condition, or privilege of Cotuna's employment. See also, *Swisshelm v. Potter*, No. 1:05CV553, 2007 WL 433300, at *6 (S.D. Ohio Feb. 5, 2007) (finding on summary judgment that the "speak English" comment did not rise to the level of severe harassment because the statements made by defendant were only tangentially related to plaintiff's race and national origin.).

Neither does Cotuna support his hostile work environment based on disability. Plaintiff identifies Vicki's Ashton-Hendrixson comment that Cotuna needed to move faster as the basis of his claim; however, he fails to identify how this comment affected a term, condition or privilege of employment.

Cotuna's general allegations of "harassment" are insufficient to sustain a claim of hostile work environment. *Schemansky v. California Pizza Kitchen, Inc.*, 122 F. Supp. 2d 761, 776 (E.D. Mich. 2000). Accordingly, summary judgment is granted regarding Cotuna's hostile work environment claims.

### 2. Retaliation Claim

Plaintiff says he engaged in a protected activity of complaining about his

supervisor and, as a result, he was terminated. Plaintiff notes the temporal proximity of his complaint and termination. Walmart argues Plaintiff cannot establish a causal link between the complaint and the termination.

To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in activity protected by Title VII; (2) the defendant knew of his exercise of his protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir. 2009). "A causal connection is established when a plaintiff proffers "evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action."" *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir.2009). Temporal proximity may play a role in establishing a causal connection; its significance depends on the context. *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 675 (6th Cir. 2013)

It is unclear whether Plaintiff established his prima facie case. Although he engaged in a protected activity of complaining about his supervisor, Walmart knew of this complaint, and he was fired, there is a question of whether there is a causal connection between his termination and his complaint. As noted by

17

Walmart, it denied his request for an extension of leave because he did not have medical clearance. Shortly after this denial, he filed the complaint. It appears that Walmart's decision to terminate Cotuna had already been decided. But, "where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 675 (6th Cir. 2013). It could be that Cotuna's complaint was a motivating factor in his termination, and the ultimate decision to terminate Cotuna was not made until he filed that complaint. Accordingly, he has made a prima facie case.

The burden now shifts to Walmart to articulate a legitimate reason for termination. Defendant argues that it has provided a legitimate, nondiscriminatory reason as to why it terminated Cotuna; he failed to return to work after a lengthy leave without medical documentation. The burden shifts back to Cotuna to show that Walmart's reason is pretext. Similar to Cotuna's disability claim, he failed to show that his indefinite leave was not a legitimate reason for his termination or that it was a pretext for his termination. Walmart's reason has a basis in fact because he was on leave for approximately 16 months with no medical documentation stating when he could return to work. Second, Cotuna has

presented no evidence in the record that anything other than failing to return to work after his extended leave expired motivated his discharge. As noted by the Sixth Circuit, extended indefinite leave of absence is a valid reason for termination. Summary judgment is granted on this claim.

## V. CONCLUSION

Defendant's Summary Judgment Motion **(Doc. # 38)** is **GRANTED**. Plaintiff's Motion to Compel **(Doc. # 36)** and Defendant's Motion to Strike **(Doc. # 55)** are deemed **MOOT**.

**IT IS ORDERED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager